**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DAVID MICHAEL GRAHAM,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 08-CV-0450-CVE-TLW |
| | ) |
| **GREG PROVINCE, Warden,** | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court for consideration is the petition for writ of habeas corpus (Dkt. # 1) filed by Petitioner David Michael Graham, a state inmate appearing pro se. Respondent filed a response (Dkt. # 5) and provided the state court records (Dkt. ## 5 and 6) necessary for adjudication of Petitioner's claims. Petitioner filed a reply to Respondent's response (Dkt. # 9). For the reasons discussed below, the Court finds the petition for writ of habeas corpus shall be denied.

*BACKGROUND*

During the period of time between February 1 and June 9, 2005, Petitioner used his van to drive children to churches in Grove and Jay, Oklahoma. Both communities are in Delaware County, Oklahoma. Petitioner was fifty-three (53) years old at the time. The children included eight-year-old E.C., six-year-old K.B., and six-year-old T.M. E.C. and K.B. were sisters and T.M. was their cousin. All three girls told July Wader, E.C. and K.B.'s mother and T.M.'s aunt, that Petitioner touched their "private part" while he was driving them in his van. E.C. and K.B. also told Deborah Holmes, a psychologist specializing in child abuse and neglect; Gerald Helms, the senior pastor at the First Assembly of God Church in Grove; Darrell Mease, M.D.; and Susan Johnson, their Sunday School teacher, what Petitioner had done to them.

Based on the girls' accusations, Petitioner was charged in Delaware County District Court, Case No. CF-2005-198, with three (3) counts of Lewd Molestation. Petitioner was tried by a jury and found guilty on all three (3) counts. On April 17, 2006, Petitioner was sentenced to twenty (20) years imprisonment on each of the three counts, to run consecutively, with the term of imprisonment for the third count to be suspended after ten (10) years. The trial court also ordered Petitioner to pay $10,000 in restitution to each victim. At trial, Petitioner was represented by attorney J. Ken Gallon.

Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA). On direct appeal, Petitioner was represented by attorney Mark P. Hoover. Petitioner raised the following propositions of error:

> Proposition 1: Prosecutorial misconduct deprived Appellant of a fair trial.
>
> Proposition 2: The trial court erred by not responding to the jury's question regarding sentencing with information that Appellant would have to serve 85% of any sentences imposed.
>
> Proposition 3: The trial court erred by imposing restitution of $10,000 per count when there was no factual basis supporting it.
>
> Proposition 4: Under the facts and circumstances of this case, the imposition of three twenty-year sentences should shock the conscience of this court.

(Dkt. # 5, Ex. 1). On April 23, 2007, in Case No. F-2006-429, the OCCA entered its unpublished opinion affirming Petitioner's convictions. See Dkt. # 5, Ex. 3. But, after finding propositions 2 and 3 to be meritorious, the OCCA modified Petitioner's sentences to be served concurrently and dismissed the order of restitution. Id.

On November 1, 2007, Petitioner filed an application for post-conviction relief in the state district court. See Dkt. # 5, Ex. 4. The trial court denied post-conviction relief on December 19,

2007. Id., Ex. 7. Petitioner appealed. Id., Exs. 8, 9. In his supporting brief filed in his post-conviction appeal, Petitioner identified the following four grounds for relief:

1. Petitioner was denied the right to reasonably effective assistance of counsel, guaranteed by both the United States Constitution in the Sixth, Eighth and Fourteenth Amendments and by the Oklahoma Constitution in Art. II § 6, 7, and 20.

2. Petitioner was denied his constitutionally guaranteed right to a fair trial due to prosecutorial misconduct by Assistant District Attorney Ben Loring.

3. Abuse of discretion by trial court Judge Barry V. Denney denied Petitioner his constitutionally protected right to a fair trial, guaranteed by the United States Constitution in the Sixth Amendment.

4. The accumulation of error in this case deprived the Petitioner of due process of the law, in violation of the Fourteenth Amendment of the United States Constitution and his Eighth Amendment right to a fair trial, duly protected in the Oklahoma Constitution in article II, 6, 7, and 20.

See Dkt. # 5, Ex. 9. By order filed February 21, 2008, in Case No. PC- 2008-26, the OCCA affirmed the denial of post-conviction relief. Id., Ex. 10.

Petitioner commenced the instant habeas corpus action by filing his petition on August 11, 2008. See Dkt. # 1. He identifies the following grounds of error:

Ground 1:   Prosecutorial misconduct deprived appellant of a fair trial.

Ground 2:   Under the facts and circumstances of this case, the imposition of three twenty year sentences should shock the conscience of the court.

Ground 3:   Ineffective assistance of counsel.

Ground 4:   Abuse of discretion by trial court Judge Barry V. Denney denied Petitioner's right to a fair trial.

Ground 5:   The accumulation of error deprived Petitioner of Due Process of law.

(Dkt. # 1). In response, Respondent argues that Petitioner is not entitled to habeas corpus relief. See Dkt. # 5.

3

*ANALYSIS*

### A. Exhaustion

As an initial matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes and the Court finds that Petitioner has exhausted his state remedies by presenting his claims to the OCCA on direct and post-conviction appeal. Therefore, the Court finds that Petitioner meets the exhaustion requirements under the law.

### B. Evidentiary hearing

The Court finds that an evidentiary hearing is not warranted as Petitioner has not met his burden of proving entitlement to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000); Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998).

### C. Claims adjudicated by the OCCA

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the

state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).

In this case, the OCCA adjudicated part of ground 1 and ground 2 on direct appeal. Therefore, those claims will be reviewed pursuant to § 2254(d).

**1. Prosecutorial misconduct**

As his first proposition of error, Petitioner alleges that he was denied a fair trial because of several instances of prosecutorial misconduct. He states that instances of prosecutorial misconduct were raised on both direct and post-conviction appeal. On direct appeal, the OCCA rejected this claim, stating that "although there was some prosecutorial misconduct, none affected Graham's conviction and any misconduct that may have affected Graham's sentence is remedied by the relief granted in Proposition II."[1]

Habeas corpus relief is available for prosecutorial misconduct only when the prosecution's conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair. Donnelly v. DeChristoforo, 416 U.S. 637, 642-48 (1974); Cummings v. Evans, 161 F.3d 610, 618 (10th Cir. 1998). Inquiry into the fundamental fairness of a trial requires examination of the entire proceedings. Donnelly, 416 U.S. at 643. "To view the prosecutor's statements in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's statements plausibly could have tipped the scales in favor of the prosecution." Fero v. Kerby, 39

---

[1] In his second proposition of error as raised on direct appeal, Petitioner claimed that the trial court erred in failing to inform the jury that Petitioner would have to serve 85% of any sentences imposed. The OCCA found that claim to be meritorious. To remedy the error, the OCCA modified Petitioner's sentences to be served concurrently. See Dkt. # 5, Ex. 3.

5

F.3d 1462, 1474 (10th Cir. 1994) (quotations omitted); see also Smallwood v. Gibson, 191 F.3d 1257, 1275-76 (10th Cir. 1999).

Petitioner is not entitled to habeas corpus relief as to the claims of prosecutorial misconduct adjudicated on direct appeal because, as determined below, he has failed to demonstrate that the OCCA's adjudication was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. See 28 U.S.C. § 2254(d).

### a. Impermissible bolstering of victims' credibility

As the first instance of prosecutorial misconduct identified on direct appeal, Petitioner claimed that, during closing argument, the prosecutor impermissibly bolstered the victims' credibility by stating that:

> These people have done a lot of this work. They talked to Dr. Holmes, who's pretty much her whole career -- has dealt with this. These girls are so sophisticated in their lies that they could fool all of these people. Man, that is good.

See Dkt. # 5, Ex. 1 at 4 (citing Tr. Trans. Vol. IV at 57). The OCCA rejected this claim, citing Nickell v. State, 885 P.2d 670, 673 (Okla. Crim. App. 1994), and finding that "there was no error as the prosecutor did not personally vouch for the victims' credibility." See Dkt. # 5, Ex. 3 n.2.

In Nickell, the OCCA cited Freeman v. State, 876 P.2d 283 (Okla. Crim. App. 1994), where the state appellate court adopted the test enunciated in United States v. Bowie, 892 F.2d 1494 (10th Cir. 1990), to determine if the state improperly vouched for the credibility of one of its witnesses. Nickell, 885 P.2d at 673. In Bowie, the Tenth Circuit stated that "[a]rgument or evidence is impermissible vouching only if the jury could reasonably believe that the prosecutor is indicating a personal belief in the witness' credibility, either through explicit personal assurances of the witness' veracity or by implicitly indicating that information not presented to the jury supports the

6

witness' testimony." Bowie, 892 F.2d at 1498. In this case, the complained of statement by the prosecutor was neither an explicit personal assurance of the victims' veracity, nor was it based on information not presented to the jury that supported the victims' testimony. As a result, the prosecutor did not vouch for the victims' credibility. Petitioner has not demonstrated that he is entitled to habeas corpus relief on this claim. 28 U.S.C. § 2254(d).

### b. Impermissible testimony by expert witness

On direct appeal, Petitioner next claimed that the state's expert witness, Dr. Mease, impermissibly vouched for the victims' credibility when he testified that "it seemed to me like they were -- they were telling the truth that they had been fondled --." See Dkt. # 5, Ex. 1 at 6 (citing Tr. Trans. Vol. III at 132). On direct appeal, the OCCA found as follows:

> Dr. Mease impermissibly testified that he believed the victims were "telling the truth" when he interviewed them. *Lawrence v. State*, 796 P.2d 1176, 1177 (Okla. Crim. App. 1990) (witness cannot give an opinion regarding the truthfulness of a witness.) However, this error was harmless beyond a reasonable doubt as the evidence of Graham's guilt was overwhelming and any affect [sic] this error may have had on sentencing is remedied by the relief recommended in Proposition II.

See Dkt. # 5, Ex. 3 n.2. Thus, the OCCA found that the statement was error, but it was harmless error.

If constitutional error is committed, this Court must determine whether "the prejudicial impact of constitutional error in [the] state-court criminal trial" rises to the "substantial and injurious effect standard" set forth in Brecht v. Abrahamson, 507 U.S. 619, 631 (1993), and O'Neal v. McAninch, 513 U.S. 432, 435 (1995). Fry v. Pliler, 551 U.S. 112, 120, 121 n.3 (2007). The standard applies "whether or not the state appellate court recognized the error and reviewed it for

7

harmlessness under the 'harmless beyond a reasonable doubt' standard set forth in Chapman."[2] Id. at 121–22. It is important to note that "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." Brecht, 507 U.S. at 634.  Under O'Neal, a "substantial and injurious effect" exists when the court finds itself in "grave doubt" about the effect of the error on the jury's verdict. 513 U.S. at 435. "[W]hen a court is 'in virtual equipoise as to the harmlessness of the error' under the Brecht standard, the court should 'treat the error . . . as if it affected the verdict . . . .'" Fry, 551 U.S. at 121 n.3 (quoting O'Neal, 513 U.S. at 435).

Upon review of the record in this case, the Court finds that the state's expert witness did in fact improperly vouch for the victims' credibility.  However, the Court further finds that, in light of the evidence presented at Petitioner's trial, the error did not have a "substantial and injurious effect" on the jury's verdict.  In addition, the OCCA cured any injurious effect on Petitioner's sentences by ordering them to be served concurrently.  Petitioner is not entitled to habeas relief on this claim.

### c. Improper references during closing argument

Lastly, Petitioner complained on direct appeal that the prosecutor improperly stated Graham was caught before he moved on to the "next step," implying that had Graham not been caught he would have committed more serious sexual offenses in the future. See Dkt. # 5, Ex. 1 at 6-9 (citing Tr. Trans. Vol. IV at 75-76). In addition, Petitioner complained that, when discussing sentencing, the prosecutor improperly stated that "mercy on the guilty is cruelty to the victims." Id. The OCCA reviewed for plain error, and found that "[t]here was no plain error as to Graham's guilt because the comment did not deny him a substantial right or prejudice him.  Additionally any affect [sic] this

---

[2]Chapman v. California, 386 U.S. 18 (1967).

comment may have had on the severity of Graham's sentence is remedied by the relief recommended in Proposition II." See Dkt. # 5, Ex. 3 n.2.

The Tenth Circuit Court of Appeals has found "no practical distinction" between the formulations of plain error used by the OCCA and the federal due-process test, requiring reversal when an error "so infused the trial with unfairness as to deny due process of law." Thornburg v. Mullin, 422 F.3d 1113, 1125 (10th Cir. 2005) (quoting Estelle v. McGuire, 502 U.S. 62, 75 (1991)). Because the OCCA applied the same test required for a due process determination, this Court defers to its ruling unless it "unreasonably appli[ed]" that test. Id. (citing 28 U.S.C. § 2254(d)). A proceeding is fundamentally unfair under the Due Process Clause if it is "shocking to the universal sense of justice." United States v. Russell, 411 U.S. 423, 432 (1973).

After reviewing the record in this case, the Court finds that the prosecutor's comments did not so infuse Petitioner's trial with unfairness as to result in the denial of due process. As noted by Respondent, one of the state's expert witnesses, Dr. Holmes, testified at length regarding the "grooming process" frequently utilized by child molesters. See Dkt. # 6-3, Tr. Trans. Vol. III at 21-25. Thus, the prosecutor's "next step" comment was a reasonable comment on the evidence presented at trial. As to the prosecutor's comment concerning "mercy on the guilty" and the possible effect on Petitioner's sentences, the OCCA cured any prejudicial effect of the prosecutor's comment by modifying the sentences to be served concurrently. See Dkt. # 5, Ex. 3 at 2 n.2. The Court finds that the OCCA's ruling did not unreasonably apply the test for a due process violation. As a result, Petitioner is not entitled to habeas corpus relief on this claim.

### 2. Sentences are excessive

As his second proposition of error, Petitioner claims that "the imposition of three twenty year sentences should shock the conscience of the court." See Dkt. # 1. Petitioner raised a claim that his sentences were excessive on direct appeal. The OCCA ruled that "any argument that Graham's sentences were excessive is mooted by the relief recommended in Proposition II." (Dkt. # 5, Ex. 3).

This Court affords "wide discretion to the state trial court's sentencing decision, and challenges to the decision are not generally constitutionally cognizable, unless it is shown that the sentence imposed is outside the statutory limits or unauthorized by law." Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000). Indeed, the Court's review generally ends "once we determine the sentence is within the limitation set by statute." Id.

Petitioner's three (3) twenty-year sentences are within the statutory range of punishment for Lewd Molestation in Oklahoma. See Okla. Stat. tit. 21, § 1123. Although the trial judge originally ordered Petitioner's three twenty-year sentences to be served consecutively, the OCCA modified the sentences to be served concurrently after finding that the trial judge erred in failing to instruct the jury on the applicability of Oklahoma's 85% Rule. These sentences are not "extraordinary" or "grossly disproportionate" for Petitioner's conviction on three counts of Lewd Molestation. See United States v. Gillespie, 452 F.3d 1183, 1190-91 (10th Cir. 2006) (collecting authorities). Petitioner is not entitled to habeas corpus relief on this claim.

### D. Procedural Bar

Respondent argues that grounds 3, 4, and 5 are procedurally barred from this Court's review as a result of Petitioner's failure to raise those claims on direct appeal. See # 5. In addition, in ground 1, Petitioner seeks habeas corpus relief on additional allegations of prosecutorial misconduct

as raised on post-conviction appeal. In affirming the state district court's denial of post-conviction relief, the OCCA found as follows:

> All legal issues previously raised and ruled upon are res judicata and may not be the basis of a subsequent post-conviction application. *Webb v. State*, 199[2] OK CR 38, ¶ 6, 835 P.2d 115. Further, any issue that could have been previously raised, but was not, is waived, and may not be the basis of a subsequent post-conviction application. 22 O.S.2001, § 1086; Rules 2.1(B) & 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2007).

(Dkt. # 5, Ex. 10).

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. (citation omitted).

Applying the principles of procedural default to these facts, the Court concludes that Petitioner's grounds numbered 3, 4, and 5, as well as claims of prosecutorial misconduct identified in ground 1 that were first raised on post-conviction appeal, are procedurally barred from this Court's review. Based on Okla. Stat. tit. 22, § 1086, the OCCA routinely bars claims that could have been but were not raised on direct appeal. The state court's procedural bar as applied to these claims was an "independent" ground because Petitioner's failure to comply with state procedural

rules was "the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. Additionally, the procedural bar, as applied to grounds 4, 5, and the additional allegations of prosecutorial misconduct identified in ground 1, was an "adequate" state ground because, as stated above, the OCCA consistently declines to review claims which could have been but were not raised on direct appeal. Okla. Stat. tit. 22, § 1086.

The Court also finds that the bar imposed by the OCCA on Petitioner's claim of ineffective assistance of trial counsel, ground 3, was based on state law grounds adequate to preclude federal review. When the underlying claim is ineffective assistance of counsel, the Tenth Circuit Court of Appeals has recognized that countervailing concerns justify an exception to the general rule of procedural default. Brecheen v. Reynolds, 41 F.3d 1343, 1363 (10th Cir. 1994) (citing Kimmelman v. Morrison, 477 U.S. 365 (1986)). The unique concerns are "dictated by the interplay of two factors: the need for additional fact-finding, along with the need to permit the petitioner to consult with separate counsel on appeal in order to obtain an objective assessment as to trial counsel's performance." Id. at 1364 (citing Osborn v. Shillinger, 861 F.2d 612, 623 (10th Cir. 1988)). The Tenth Circuit explicitly narrowed the circumstances requiring imposition of a procedural bar on ineffective assistance of counsel claims first raised collaterally in English v. Cody, 146 F.3d 1257 (10th Cir. 1998). In English, the circuit court concluded that:

> Kimmelman, Osborn, and Brecheen indicate that the Oklahoma bar will apply in those limited cases meeting the following two conditions: trial and appellate counsel differ; and the ineffectiveness claim can be resolved upon the trial record alone. All other ineffectiveness claims are procedurally barred only if Oklahoma's special appellate remand rule for ineffectiveness claims is adequately and evenhandedly applied.

Id. at 1264 (citation omitted).

After reviewing the record in this case in light of the factors identified in English, the Court concludes that Petitioner's claim of ineffective assistance of trial counsel is procedurally barred. At trial, Petitioner was represented by attorney J. Ken Gallon. On appeal, Petitioner was represented by attorney Mark P. Hoover. For purposes of the first requirement identified in English, the Court finds that Petitioner had the opportunity to confer with separate counsel on appeal. The second English factor requires that the claim could have been resolved either "upon the trial record alone" or after adequately developing a factual record through some other procedural mechanism. Id. at 1263-64. Petitioner alleged on post-conviction appeal that his trial counsel provided ineffective assistance when he (1) failed to call defense witnesses, including Monty Prather and Pastor Helms, (2) failed to object to the prosecutor's "misrepresentations" of testimony, and (3) failed to investigate facts regarding Petitioner's habit of offering candy to children.[3] See Dkt. # 5, Ex. 9 at 1-6. Even if Petitioner's defaulted claims could not all be resolved on the record alone, he has failed to allege with specificity how the Oklahoma remand procedure provided by Rule 3.11, Rules of the Oklahoma Court of Criminal Appeals, was inadequate to allow him to supplement the record on his ineffective assistance of counsel claims. See Hooks v. Ward, 184 F.3d 1206, 1217 (10th Cir. 1999) (once the state pleads the affirmative defense of an independent and adequate state procedural bar, the burden shifts to the petitioner to make specific allegations as to the inadequacy of the state

---

[3] S.F., the older sister of E.C. and K.B., testified on cross-examination that, while riding with Petitioner in his van, children wanted to sit in the middle, between the driver's seat and the front passenger's seat, "to get more candy." See Dkt. # 6-1, Tr. Trans. Vol. II at 80. On redirect, S.F. explained that Petitioner kept candy in the cooler used as the middle seat. The three victims all testified that Petitioner touched their "private part" while they were seated on the cooler. See id. at 96, 98, 120, 127, 142, 152. Petitioner claimed on post-conviction appeal that his attorney provided ineffective assistance of counsel in failing to investigate and present evidence that he kept candy in the van because he is diabetic. See Dkt. # 5, Ex. 9 at 5.

13

procedure). In reply to Respondent's response, Petitioner states that "[t]he state procedural rule that allows for this egregious conduct should never be held as 'adequate,' whether it is applied evenhandedly or not. The evenhanded application of tyranny is still tyranny." See Dkt. # 9 at 4. That generalized statement is insufficient to demonstrate inadequacy of the OCCA's remand procedure provided by Rule 3.11. As a result, he has failed to carry his burden of demonstrating that Oklahoma's procedural bar is inadequate and his claims of ineffective assistance of trial counsel as raised in his post-conviction proceedings are procedurally barred.

Because of the procedural default of the identified claims in state court, this Court may not consider the claims unless Petitioner is able to show cause and prejudice for the default, or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered. See Coleman, 501 U.S. at 750. The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In reply to Respondent's response, Petitioner argues ineffective assistance of appellate counsel as "cause" for his failure to raise his defaulted claims on direct appeal. See Dkt. # 9. Significantly, however, Petitioner did not raise a separate claim of ineffective assistance of appellate counsel before the state courts. See Murray, 477 U.S. at 488-89 (requiring that an ineffective

14

assistance claim must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default"); Edwards v. Carpenter, 529 U.S. 446, 453 (2000). As a result, Petitioner's defaulted ineffective assistance of appellate counsel claim cannot serve as "cause" to overcome the procedural bar.

Petitioner may also overcome the procedural bar applicable to his defaulted claims under the fundamental miscarriage of justice exception. That exception is applicable only when a petitioner asserts a claim of actual innocence. Herrera v. Collins, 506 U.S. 390, 403-04 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316. Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. "The exception is intended for those rare situations 'where the State has convicted the wrong person of the crime. . . [or where] it is evident that the law has made a mistake.'" Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995) (citation omitted). Petitioner does claim that he is actually innocent of the crimes for which he was convicted. However, he provides no new evidence supporting this claim. Therefore, Petitioner has failed to demonstrate that he falls within the fundamental miscarriage of justice exception to the doctrine of procedural bar.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his claims are not considered, the Court concludes that it is procedurally barred from considering the merits of Petitioner's defaulted claims. Coleman, 501 U.S. at 724. He is not entitled to habeas corpus relief on those claims.

**E.     Certificate of appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing."  A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

After considering the record in this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the OCCA was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935 (10th Cir. 2004).  As to those claims denied on a procedural basis, Petitioner has failed to satisfy the second prong of the required showing, i.e., that the Court's ruling

16

resulting in the denial of the petition on procedural grounds was debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus (Dkt. #1) is **denied**. A separate judgment shall be entered in this matter. A certificate of appealability is **denied**.

**DATED** this 21st day of February, 2012.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT